**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: July 27 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 12-31328 |
| | ) | |
| Susan Marie Neff, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING OBJECTION TO EXEMPTIONS

This case came before the court for hearing on the Chapter 7 Trustee's Objection to Exemptions ("Objection") [Doc. # 12]. The Trustee, Debtor and Debtor's attorney attended the hearing in person.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the reasons that follow, the Trustee's Objection will be sustained in part and overruled in part.

The Trustee objects to Debtor's claimed exemption in a 1969 Piper Cherokee airplane under Ohio Revised Code § 2329.66(A)(5), which pertains to a person's interest in "implements, professional books, or tools of the person's profession, trade or business." However, Debtor is unemployed, and the airplane is not a tool of Debtor's trade. The Trustee's objection will be granted as to the claimed exemption in the airplane under § 2329.66(A)(5).

The Trustee also objects to Debtor's claimed exemption in three Genoa Bank accounts under Ohio Revised Code § 2329.66(A)(11), which pertains to, among other things, spousal support and child support received by Debtor. There is no dispute that the sources of the funds at issue in these accounts are child support and spousal support payments. There is no issue regarding intermingling with non-exempt funds. The sole question presented is whether the exempt status of the funds follows the funds when deposited into a bank account.

In *Daugherty v. Central Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St. 3d 441 (1986), the Ohio Supreme Court addressed the exempt nature of personal earnings and concluded that "statutorily exempt funds do not lose their exempt status when deposited in a personal checking account . . . so long as the source of the exempt funds is known or reasonably traceable." *Daugherty*, 29 Ohio St. 3d at 445. The court further noted that the funds on deposit met the exemption test set forth in *Porter v. Aetna Casualty & Surety Co.,* 370 U.S. 159, 162 (1962), because they were "readily available as needed for support and maintenance...." *Daugherty*, 28 Ohio St. at 445, n. 3. Although the source of the exempt funds in *Daugherty* was personal earnings, courts, including this court, have found *Daugherty's* reasoning equally applicable to exempt funds from other sources as well. *See, e.g., Baumgart v. Alam (In re Alam),* 359 B.R. 142, 150-51 (B.A.P. 6th Cir. 2006) (finding settlement proceeds retained their exempt status after being placed in money market accounts); *In re Cook*, 406 B.R. 770 (Bankr. S.D. Ohio 2009) (finding exempt federal veteran benefits and Ohio Public Employee Retirement System disability benefits retained their exempt status once deposited in debtor's accounts); *In re Patterson*, No. 10-31791, 2010 WL 3606893, 2010 Bankr. LEXIS 2899 (Bankr. N.D. Ohio Sept. 10, 2010) (finding income tax refund consisting of earned income credit and additional child tax credit retained its exempt status after being deposited in debtors' bank account).

The court finds the reasoning in *Daugherty* equally applicable in this case. As there is no dispute that the sources of funds in Debtor's bank account that are claimed to be exempt are spousal and child support payments that are otherwise exempt under § 2329.66(A)(11), the court will overrule the Trustee's objection as to these funds.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Objection to Exemptions [Doc. # 12] be, and hereby is, **SUSTAINED** as to the 1969 Piper Cherokee airplane and **OVERRULED** as to the Genoa Bank accounts.

2